NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 26 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANCISCO NUNEZ-MIRANDA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3452

Agency No.
A208-084-272

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 20, 2025[**]
Pasadena, California

Before: BERZON, BENNETT, and SUNG, Circuit Judges.

Francisco Nuñez-Miranda petitions for review of the Board of Immigration

Appeals' (BIA) discretionary decision not to cancel his removal under 8 U.S.C.

§ 1229b. We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**1.**     We have jurisdiction over Nuñez's legal and constitutional claims. 8 U.S.C. § 1252(a)(2); *Lemus-Escobar v. Bondi*, 140 F.4th 1079, 1089 (9th Cir. 2025).

**2.**     The BIA did not engage in improper factfinding, consider new evidence, or make factual determinations that diverged from the Immigration Judge's (IJ). The BIA considered only a subset of the record developed by the IJ, but the only IJ factual findings the BIA did not take into account were those challenged by Nuñez, regarding disputed criminal charges. So the BIA considered the record as it would have been if the case had been remanded and the IJ accepted all of Nuñez's challenges. In doing so, the BIA treated any error by the IJ regarding the number of Nuñez's criminal convictions as harmless, ruling that the BIA would deny cancellation as a matter of discretion even without the IJ's assertedly incorrect factual findings. The BIA did not legally err in disregarding a possible IJ error that would not have affected the outcome of the case.

**3.**     The IJ did not violate Nuñez's constitutional due process rights. Nuñez was given "a full and fair hearing" and "a reasonable opportunity to present evidence." *See Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1048 (9th Cir. 2023) (citation modified). Although Nuñez contends that the IJ made both factual and legal errors, he has not demonstrated that any asserted errors were the result of procedural shortcomings that rendered the process "fundamentally unfair." *See id.*

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal shall remain in place until the mandate issues. Nuñez's motion for a stay of removal, Dkt. 2, is otherwise denied.